**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edward Scott FLINN, Defendant–
Appellant.**

No. 93–2200.

United States Court of Appeals,
Tenth Circuit.

Feb. 16, 1994.

Submitted on the briefs: *

Roger A. Finzel, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant–Appellant.

Stephen R. Kotz, Assistant United States Attorney, and Larry Gomez, United States Attorney, Albuquerque, New Mexico, for Plaintiff–Appellee.

Before TACHA and BALDOCK, Circuit Judges, and CARRIGAN, District Judge.**

BALDOCK, Circuit Judge.

This is Defendant Edward Scott Flinn's second appeal of his sentence following his guilty plea to one count of fraudulent use of an unauthorized access device. 18 U.S.C. § 1029(a)(2). We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we affirm.

The underlying facts of Defendant's case are recited in *United States v. Flinn*, 987 F.2d 1497 (10th Cir.1993) [hereinafter *Flinn I* ], and we need not reiterate them here. In *Flinn I*, Defendant claimed that the district court erred in upwardly departing from the Sentencing Guidelines in imposing his sentence. The district court had sentenced Defendant to thirty-three months imprisonment based upon an upward departure from a criminal history category of III to a history category of IV, and an upward departure from an adjusted offense level of 8 to a level of 14. We reviewed Defendant's sentence under the three-step analysis of upward departures announced in *United States v. White*, 893 F.2d 276, 277–78 (10th Cir.1990): (1) de novo review of whether the circumstances cited by the district court warrant departure, (2) clearly erroneous review of the factual determinations underlying the decision to depart, and (3) reasonableness review of the degree of departure. We concluded that the circumstances cited by the court warranted upward departure and that the factual determinations underlying the court's decision to depart were not clearly erroneous. We remanded Defendant's case, however, because we concluded that we could not review the reasonableness of the court's degree of criminal history category and offense level departure because the record did not include the court's justifications for its degree of departure. We instructed the court to provide "a detailed rationale in support of the criminal history category and offense level selected." *Flinn I*, 987 F.2d at 1506.

On remand, the court articulated its reasons for upward departure and again sentenced Defendant to thirty-three months imprisonment. Defendant again challenges the court's upward departure claiming: (1) the court failed to provide a more precise methodology for its election of a criminal history category of IV, (2) the court failed to provide a detailed or applicable rationale in support of its upward departure from an offense level of 8 to an offense level of 14, (3) the court resentenced Defendant in a vindictive and

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

** The Honorable Jim R. Carrigan, United States District Judge for the District of Colorado, sitting by designation.

unconstitutional manner, and (4) the court failed to consider a three-level reduction for acceptance of responsibility.

■ Defendant first claims that the court failed to provide a more precise methodology for its election of a criminal history category of IV. Defendant argues that the court erred by failing to explain why Defendant's previous offenses "are so serious that they justify an upward departure." Defendant's argument ignores our holding in *Flinn I* in which we already concluded that the district court's reasoning for upward departure to a criminal history category of IV was legally sufficient, and the reasons for departure were factually supported by the record. *Id.* at 1501.

Furthermore, we hold that the court adequately explained its rationale for departing in the criminal history category, and that the departure was reasonable. The court appropriately referenced the Guidelines in determining the degree of departure and specifically attributed each increase to a specific past criminal act. *See id.* at 1502 (court should reference the Guidelines in determining degree of departure). Moreover, we have already determined that the assignment of criminal history category points for past criminal conduct is a reasonable methodology consistent with the Guidelines' goals of uniformity and proportionality. *Id.* at 1504.

Defendant next claims the district court failed to provide a detailed or applicable rationale in support of its upward departure from an offense level of 8 to an offense level of 14. Defendant first asserts that the court engaged in double counting or cumulative sentencing by (1) increasing Defendant's offense level by one point for the financial loss to the Ramada Classic Hotel, and an additional point for making false statements in a telephone call to the restaurant across the street from the hotel; and (2) assigning one offense level increase for disruption of governmental function and another one point increase for financial loss to the Albuquerque SWAT team. Defendant also claims that the court erroneously applied U.S.S.G. § 5K2.14

(Public Welfare) in increasing his offense level by an additional point.

■ Impermissible double counting or impermissible cumulative sentencing occurs when the same conduct on the part of the defendant is used to support separate increases under separate enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes. *United States v. Lowder*, 5 F.3d 467, 472 (10th Cir. 1993); *see also United States v. Werlinger*, 894 F.2d 1015, 1017 (8th Cir.1990) (upward departure cannot be based upon conduct included within base offense level).

■ We reject Defendant's claim that the court double counted because it increased Defendant's offense level by one point for the financial loss to the Ramada Classic Hotel, and an additional point for making false statements in a telephone call to the restaurant across the street from the hotel. Defendant's basis for this claim of double counting is that the court punished him twice for "essentially the same conduct." We fail to see how causing a financial loss to a hotel and making a false statement to another establishment for purposes of facilitating his crime is the same conduct. The hotel and the restaurant are separate entities, and the loss to the hotel resulted from an act distinct from Defendant's false statement to the restaurant. Because the court's departure was not based on the same conduct, Defendant's argument fails.

■ Defendant also complains of double counting in that the district court assigned one offense level increase for disruption of governmental function under U.S.S.G. § 5K2.7 and assigned another one point increase for financial loss to the Albuquerque SWAT team under U.S.S.G. § 5K2.5. Defendant argues that a departure under § 5K2.7 for disruption of a governmental function necessarily encompasses financial loss to the governmental entity. We disagree. Nothing in the policy statement concerning disruption of a governmental function focuses on financial loss. Rather, the provision is concerned with the degree of disruption and the importance of the governmental function disrupted. *See* § 5K2.5.

Furthermore, § 5K2.5 (Property Damage or Loss) and § 5K2.7 (Disruption of Governmental Function) "are distinct, do not necessarily overlap, and serve different purposes." *See Lowder*, 5 F.3d at 472. Therefore, the assignment of two offense level increases under these distinct provisions does not constitute impermissible double counting.

■ Defendant claims that the court erroneously applied U.S.S.G. § 5K2.14 (Public Welfare) in increasing his offense level by an additional point. According to Defendant, § 5K2.14 is only appropriate in situations where the defendant's conduct endangered *national* security, *national* public health, or *national* safety. Defendant also argues that even if § 5K2.14 applies to non-national public health and safety offenses, the record does not support the court's factual finding that Defendant's actions caused an endangerment to public welfare. Finally, Defendant contends that upward departure is inappropriate here and results in double counting because the public welfare factors are already encompassed within the departure based on disruption of a governmental function.

Neither the plain language of § 5K2.14 ("[i]f national security, public health, or safety was significantly endangered...."), nor the title of the section ("Public Welfare"), supports Defendant's proposition that § 5K2.14 only applies when *national* concerns are at issue. *Accord United States v. Wade*, 931 F.2d 300, 307 (5th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 247, 116 L.Ed.2d 202 (1991); *see also United States v. Rodriguez–Castro*, 908 F.2d 438 (9th Cir. 1990) (departing under § 5K2.14 because of high speed chase); *United States v. Joan*, 883 F.2d 491 (6th Cir.1989) (departing under § 5K2.14 due to defendant's criminal history). Moreover, in the past we have upheld the application of § 5K2.14 to non-national public health and safety offenses. *See United States v. Stumpf*, 938 F.2d 172, 174 (10th Cir.1991) (departing under § 5K2.14 because of construction of bombs in residential neighborhood without regard to safety of others).

■ Having determined that the court did not err in applying § 5K2.14 based on the grounds that Defendant's actions affected the non-national public welfare, we also conclude that the record adequately supports the court's factual findings that the public welfare was significantly endangered by Defendant's conduct. The record shows that between forty and sixty officers responded to the scene, patrons of the restaurant across the street from the hotel were instructed to lie on the floor to avoid possible gunfire, and there was considerable tension and ammunition at the scene. Finally, we conclude that the court's increases under both the disruption of governmental function and the public welfare provisions did not result in double counting because the two provisions do not necessarily overlap and they serve different purposes. Defendant's arguments regarding § 5K2.14 are therefore without merit.

■ Defendant next claims the district court resentenced him in a vindictive and unconstitutional manner. Because Defendant did not alert the sentencing judge to his vindictiveness claim, we review only for plain error. *See United States v. Sullivan*, 967 F.2d 370, 374 (10th Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 1013, 122 L.Ed.2d 161 (1993).

■ In the absence of evidence of actual vindictiveness, resentencing will not be considered vindictive if the defendant did not receive a net increase in his sentence. *Id.* Defendant did not receive a net increase in his sentence on remand; rather, he received the same sentence. Further, Defendants' only "evidence" of vindictiveness is that once he notified the court of the exact amount of the loss to the Albuquerque SWAT team—by attaching a copy of a civil complaint filed by the City of Albuquerque against Defendant— and the court was required to assign two instead of the previous six points for this departure, the court for the first time included a two level increase under § 5K2.14. What Defendant fails to appreciate, however, is that the court applied § 5K2.14 based on the new information contained in the City's civil complaint that Defendant provided to the court. Just as the court can justifiably rely on the new information to reduce the degree of upward departure, so can the court rely on the same source of new information

to consider an additional upward departure. Under these circumstances, Defendant has demonstrated no plain error.

 Defendant's final claim is that the district court failed to consider a three-level reduction for acceptance of responsibility. The district court applied a two-level reduction to Defendant's sentence for acceptance of responsibility. The Guidelines in effect at the time of Defendant's resentencing provided that a defendant who has an offense level of 16 or greater prior to the operation of an acceptance of responsibility adjustment, is eligible for an additional offense level reduction, under certain circumstances, for a total of a three-level reduction. *See* U.S.S.G. § 3E1.1(b). Defendant claims that he was entitled to a three-level reduction because after upward departure, his base offense level was 16. We disagree.

The Guidelines' application instructions apprise sentencing courts of the specific order in which they are to calculate a defendant's sentence. *See* U.S.S.G. § 1B1.1. Under these instructions, an adjustment for acceptance of responsibility is applied before upward departure is considered. *See id.* at § 1B1.1(e), (i). As a result, a defendant's base offense level must be at least 16 *prior to upward departure* in order to qualify for the three-level acceptance of responsibility reduction under § 3E1.1(b). Because Defendants' base offense level prior to upward departure was only 10, he was not entitled to the three-level reduction.

AFFIRMED.