**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Arturo SANCHEZ–ANAYA, Defendant–Appellant.**

**No. 97–50216.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 1998.*

Decided April 24, 1998.

Donald Beury, San Diego, CA, for defendant-appellant.

Bruce R. Castetter, Michael P. Skerlos, Assistant United States Attorneys, San Diego, CA, for plaintiff-appellee.

Before: PREGERSON, HALL and NOONAN, Circuit Judges.

NOONAN, Circuit Judge.

Jose Arturo Sanchez–Anaya appeals a sentence imposed upon him for violation of 21 U.S.C. §§ 952 and 960. The sole issue is whether the district court was authorized to impose the sentence under the Sentencing Guidelines, U.S.S.G. § 3E1.1. We affirm the judgment of the district court.

*FACTS AND PROCEEDINGS*

On January 21, 1997 Sanchez entered into a plea agreement by which he admitted that on December 8, 1996 he had driven a car from Mexico into the United States concealing 47 pounds of marijuana. The agreement further indicated that he understood the crime carried the maximum penalty of five years in prison and that "the sentence is within the sole discretion of the sentencing

---

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

judge" who "may impose the maximum sentence provided by statute." The government agreed with Sanchez that it would jointly recommended a sentence as follows:

| | |
|---|---|
| Base Offense Level § 4B1.1 | 16 |
| Role | −2 |
| Acceptance of Responsibility § 3E1.1 | −3 |

On this basis of 11 points Sanchez would have been subject to a sentence between one year and 1–1/2 years.

On April 7, 1997 the district court followed U.S.S.G. § 3E1.1, which reads as follows:

§ 3E1.1 *Acceptance of Responsibility*

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps: ... decrease the offense level by **1** additional level.

The offense level prior to the application of this section was 14 because of the two points deducted for Sanchez's minor role. Accordingly, the district court held Sanchez was entitled to no more than two points for the acceptance of responsibility, giving him 12 points. On this basis Sanchez was liable to 1–1/2 to 2 years imprisonment. The district court then sentenced Sanchez to two years in prison. Sanchez appeals.

*ANALYSIS*

Sanchez argues that the base level agreed to by the government in the plea agreement was 16, not 14. However, the plea agreement made it explicit that the court was not bound by what the government said in the plea agreement. The court properly followed the directions of the Sentencing Guidelines, deducting the role points before turning to the provision for acceptance of responsibility. *United States v. Flinn,* 18 F.3d 826, 831 (10th Cir.1994). The defendant relies on what the government agreed to in the plea agreement; but the plea agreement expressly states the law: the judge is master in the courtroom. The defendant cannot successfully object to the district court's application of the law.

**AFFIRMED.**