**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BOBBERT S. COOK,

      Defendant - Appellant.

No. 98-3228
(D.C. No. 98-CV-3076)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

Appellant Bobbert S. Cook appeals pro se the district court's denial of his

28 U.S.C. §2255 motion to modify, vacate or set aside his sentence, and the

district court's sua sponte denial of his certificate of appealability.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Cook was a passenger in a vehicle driven by Brian Walker when it was stopped by Kansas State Trooper Richard Jimerson. A subsequent search of the vehicle by Trooper Jimerson uncovered 38 kilos of cocaine. Walker entered a conditional guilty plea to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 121 months imprisonment. Cook decided to go to trial. While in pretrial detention, Cook arranged with the assistance of his cellmate James Stark, a government informant, to hire one "Daniel Ortega," an undercover government agent, to kill Trooper Jimerson. A jury found Cook guilty of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count I), conspiracy to retaliate against a witness by killing in violation of 18 U.S.C. § 371 (Count II), attempt to retaliate against a witness by killing him in violation of 18 U.S.C. § 1512(a)(1)(A) (Count III), and interstate transportation in aid of racketeering in violation of 18 U.S.C. § 1952(a)(2) (Count IV). He was sentenced to a term of 240 months imprisonment.

A third co-defendant, Carolyn Saffold, was originally charged, convicted, and sentenced on three counts involving the plan to kill Trooper Jimerson. On an earlier appeal, we found the evidence supporting Saffold's conviction to be insufficient, and reversed her conviction and sentence. In the same decision, we reversed Cook's conspiracy count (Count II) because Saffold was the sole

conspirator named in Cook's conviction. We also affirmed Cook's conviction and sentence on Counts I, III and IV. See United States v. Walker, No. 96-3049, 1996 WL 731631 (10th Cir. Dec. 20, 1996). On remand, the district court determined that under the applicable sentencing guidelines, the reversal of Cook's conspiracy count did not affect the sentences previously imposed. United States v. Cook, No. 95-10012-01, slip op. at 4 n.6 (D. Kan. July 20, 1998).

Because Cook may not proceed on appeal unless he secures a certificate of appealability, see 28 U.S.C. § 2253(c)(1), he now presents an application for a certificate of appealability to this court. We issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Cook need not demonstrate that he would prevail on the merits. Instead, he must only show that either the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions deserve further proceedings. Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996) (holding that the standard for issuing a certificate of appealability is the same as the standard for issuing a certificate of probable cause established in Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983) (citations omitted)), cert. denied, — U.S. —, 117 S. Ct. (1997), overruled in part on other grounds by Lindh v. Murphy, — U.S. —, 117 S. Ct. 2059 (1997).

Cook presents eleven grounds for relief.[1] We have reviewed the record on appeal and conclude that Cook has failed to make a substantial showing of the denial of a constitutional right.

We begin with Cook's claims that concern his conviction. Challenging the sufficiency of the evidence used to convict him, appellant makes two identical claims that he no longer should be liable for violating interstate transportation in aid of racketeering, 18 U.S.C. § 1952(a)(2), because his conspiracy conviction was overturned (grounds one and three). These claims are meritless. There is ample evidence on the record to show that Cook attempted to use Federal Express to send money with intent to murder Trooper Jimerson. In addition, appellant's claims that he was a victim of government entrapment in the attempt to arrange Trooper Jimerson's death and in the use of Federal Express in furtherance of that attempt (ground four) were raised at trial and were not raised on appeal.

Appellant also alleges a number of errors in the sentencing process and in the sentence that he received. His claim that the sentencing court did not realize that it had the authority to depart downward from the Sentencing Guidelines (ground eight) is meritless, and was previously considered by this court. See Walker, 1996 WL 731631, at *7-8. As noted there, the district court specifically

---

[1] Although appellant's brief contains twelve claims, he has withdrawn "Ground Five" from appellate review.

declined to depart when sentencing Cook, and we therefore have no jurisdiction to review the district court's discretionary refusal to depart downward. <u>See id</u>. at *8 (citing <u>United States v. Williamson</u>, 53 F.3d 1500, 1529 (10th Cir. 1995)).

In addition, appellant claims that he was not given an opportunity to address the sentencing court on the issue of mitigation (ground nine). Even if we reject the district court's finding that appellant's lengthy statement prior to sentencing was insufficient denial of allocution in sentencing is not a "fundamental defect" that would result in the complete miscarriage of justice necessary for a showing under 28 U.S.C. § 2255. <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962).

Appellant alleges two additional defects in the sentencing process. He claims that he was not given the opportunity to review his presentence report before sentencing (ground six), and he claims that the sentencing court failed to provide him with an adequate explanation for the duration of his sentence (ground ten). After our review of the record, we conclude that Cook has failed to make a substantial showing of the denial of a constitutional right for substantially the same reasons stated by the district court in its July 30, 1998, order denying Cook relief.

Challenging the sentence itself, appellant claims that he was the victim of "double counting" because he received two sentence enhancements for his attempt

to retaliate against a police officer (ground seven). The sentencing court, following the Sentencing Guidelines, assigned Cook enhancements for Trooper Jimerson's status as an "official victim," U.S.S.G. § 3A1.2, and for obstructing justice, U.S.S.G. § 3C1.1. Impermissible double counting "occurs when the same conduct on the part of the defendant is used to support separate increases under separate enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes." United States v. Blake, 59 F.3d 138, 140 (10th Cir. 1995) (citing United States v. Flinn, 18 F.3d 826, 829 (10th Cir. 1994)). Each of the enhancements applied to Cook's sentence appear separately as "adjustments" in Chapter Three of the Sentencing Guidelines, but are distinct, have no overlap, and serve different purposes. As the Guidelines note, "[a]bsent an instruction to the contrary, the adjustments from different guideline sections are applied cumulatively." U.S.S.G. § 1B1.1, comment. (n.4). No such instructions appear with these enhancements in the Guidelines, and their cumulative application to Cook's sentence therefore does not constitute "double counting."

Cook also argues that he should be granted a certificate of appealability in light of this circuit's holding in United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998) (ground twelve). Because that decision was vacated pending an en banc rehearing, however, we cannot and will not consider this claim, nor will we delay our decision until the circuit renders a final judgment.

Finally, as to Cook's two other claims, that he was forced to proceed to trial on two valid indictments after jeopardy had attached to both of them (ground two), and that he received ineffective assistance of counsel in violation of his constitutional rights (ground eleven), we also concur with the district court's justification for rejecting these claims.

Cook has failed to make a substantial showing of the denial of a constitutional right. His application for a certificate of appealability is therefore DISMISSED for failure to state a claim.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge