**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 25 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RONALD S. KORMAN,

      Defendant-Appellant.

No. 00-5023

---

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 98-CR-85-BU)**

---

Stephen J. Greubel, Tulsa, Oklahoma, for Defendant-Appellant.

Kenneth P. Snoke, Assistant United States Attorney (Stephen C. Lewis, United States Attorney, with him on the brief), Tulsa, Oklahoma, for Plaintiff-Appellee.

---

Before **LUCERO**, Circuit Judge, **McKAY**, Senior Circuit Judge, and **BROWN**, Senior District Judge.[*]

---

[*]The Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

**BROWN**, Senior District Judge.

Appellant Ronald Korman pled guilty to one count of conspiracy to commit mail fraud and one count of mail fraud, in violation of 18 U.S.C. §§ 371 & 1341, and was sentenced in accordance with the terms of a plea agreement. He now challenges the district court's denial of his motion to compel the government to file a § 5K1.1 "substantial assistance" motion on his behalf under the sentencing guidelines.

With one exception, appellant's claim is identical to an appeal by one of his co-defendants, Bruce Berger. We have affirmed the district court's judgment in Mr. Berger's case in an opinion filed this same date. See United States v. Berger, No. 00-5025. Rather than repeat ourselves, we simply incorporate by reference our opinion in Mr. Berger's appeal, which applies equally here. For the reasons stated in that opinion, we find that the district court did not err in denying Mr. Korman's motion to compel the government to move for a 5K1.1 motion.

As we indicated above, Mr. Korman argues one point in this appeal that was not raised by Mr. Berger. In appellant's plea agreement (and in Berger's), the parties stated: "There has been information provided to this United States Attorney's Office

2

this week, by counsel for defendant, which may, at some future time, result in a post-conviction motion by the United States to reduce the defendant's sentence." Vol. I, Korman Plea Agreement, 1/7/99 at p. 5. Unlike Mr. Berger, appellant argues that "the government acknowledged (in the above quoted language) that it received substantial assistance from him in the investigation of others" and that this language "required the Government to move for a sentence reduction." Aplt. Br. at 4; 13-14.

We see no indication that appellant raised this argument in the district court, but the record makes clear that co-defendant Berger repeatedly conceded in the jointly-conducted hearings below that the language of the plea agreement made the filing of a § 5K1.1 motion discretionary with the government. See Doc. 98; Vol. VI at 20; 123. Mr. Korman did not argue otherwise; he simply adopted the arguments of Mr. Berger. Appellant's failure to properly raise this issue below means that we review only for plain error. See United States v. Flinn, 18 F.3d 826, 830 (10th Cir. 1994). Given the use of permissive language in the agreement (i.e. "may be filed"), and the absence of any language suggesting that the government's discretion was intended to be circumscribed in any manner, we conclude that the district court did not commit plain error in denying Mr. Korman's motion to compel.

Accordingly, the judgment of the district court is AFFIRMED.