24-2901-cv
*Mejia v. Samuels*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

_____

JANERIS RODRIGUEZ MEJIA, AS PARENT AND NATURAL GUARDIAN OF E.D. AND INDIVIDUALLY,

> *Plaintiffs-Appellants,*

> v.                                                              24-2901

KAMAR H. SAMUELS, IN HIS OFFICIAL CAPACITY AS CHANCELLOR OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY DEPARTMENT OF EDUCATION,

> *Defendants-Appellees.*[1]

_____

[1] The Clerk of Court is respectfully directed to amend the official case caption as set forth above. Mejia originally filed her complaint against David C. Banks in his official capacity as Chancellor of the New York City Department of Education. Kamar H. Samuels is the current chancellor and is automatically substituted as a party under Federal Rule of Appellate Procedure 43(c)(2)

| For Plaintiffs-Appellants: | RORY J. BELLANTONI, David J. Markese, Jeffrey A. Spinner, Liberty & Freedom Legal Group, Ltd., New York, NY. |
| --- | --- |
| | Carissa Shipley, Brain Injury Rights Group, Ltd., New York, NY. |
| For Defendants-Appellees: | DIANA LAWLESS, Richard Dearing, Claude S. Platton *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Ho, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Janeris Rodriguez Mejia, the parent of E.D., a child with disabilities, appeals from a judgment of the United States District Court for the Southern District of New York entered on September 30, 2024, granting Defendants-Appellants the New York City Department of Education's ("DOE's") and its Chancellor's motion for summary judgment.

As required by the Individuals with Disabilities Education Act ("IDEA"), DOE developed an Individualized Educational Program ("IEP") for E.D., detailing the accommodations it would provide to ensure that E.D. received a Free and Appropriate Public Education ("FAPE"). Mejia unilaterally rejected the IEP and instead enrolled E.D. at a specialized school, iBrain, for the final two months of the 2021–2022 school year. Following a 2022 due process complaint, both an impartial hearing officer ("IHO") and, on administrative appeal, a state review officer ("SRO") were unpersuaded by Mejia's arguments seeking reimbursement for these two months' tuition, reasoning that, because she did not provide the statutorily contemplated 10 business days' written notice to the DOE, the equities disfavored reimbursement. On July 24, 2023, Mejia sought review of the SRO's decision in the United States District Court for the Southern District of New York.

The district court declined to consider additional evidence proffered by Mejia and likewise concluded that the equities disfavored reimbursement for the 2021–2022 school year. Mejia appealed.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we set forth in this summary order only as necessary to explain our decision to **AFFIRM**.

*        *        *

Under the IDEA, a parent who believes that their child's IEP fails to comply with statutory requirements (i.e., that the school district fails to provide a FAPE) can unilaterally remove their child from the proposed public school and place them in a non-public school at their own financial risk. *See Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 526 (2d Cir. 2020). Parents can obtain retroactive reimbursement "if they satisfy a three-part test that has come to be known as the *Burlington-Carter* test." *Id.* The test allows for reimbursement where (1) the school district's proposed placement violated the IDEA, *e.g.*, by denying a FAPE; (2) the parents' alternative placement was appropriate; and (3) equitable considerations favor reimbursement. *Id.* at 526–27. Under the third prong, parents seeking reimbursement "bear the burden of showing . . . that the equities weigh in their favor." *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 836 (2d. Cir. 2014).

Relevant here, the IDEA allows the adjudicator to reduce or deny reimbursement if "10 business days (including any holidays that occur on a business day) prior to the removal of the child from the public school, the parents did not give written notice to the public agency." 20 U.S.C. § 1412(a)(10)(C)(iii)(I)(bb). The Supreme Court has cast this analysis as part of *Burlington-Carter's* third step: "[C]ourts retain discretion to reduce the amount of a

3

reimbursement award if the equities so warrant—for instance, if the parents failed to give the school district adequate notice of their intent to enroll the child in private school. In considering the equities, courts should generally presume that public-school officials are properly performing their obligations under IDEA." *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 247 (2009).

On appeal, Mejia argues that the district court incorrectly declined to consider her purported 10 days' notice letter and that the district court incorrectly balanced the equities under the *Burlington-Carter* framework.[2]  We disagree.

As the DOE's file contained no record of having received a prior notice letter, and because Mejia initially made no claim of having sent a prior notice letter pertaining to this two-month period (while claiming to have sent such a letter with respect to a subsequent period of private education), the IHO concluded that Mejia had not complied with the 10 days prior notice requirement. Mejia proffered the purported notice letter for the first time to the SRO, alleging that it was inadvertently omitted from the record.  The SRO declined to admit it and sustained the IHO's resolution of the dispute, finding it to be reasonable.

Before the district court, Mejia renewed her contention that she had sent a notice letter. Even if we were to assume *arguendo* that the letter was sent in spite of strong evidence that the purported letter proffered by Mejia was an after-the-fact fabrication, this would have done nothing to change the outcome.  As the district court noted, even taken at face value, the letter, dated April 22, only provided six business days' notice to the school district.  Indeed, Mejia concedes that the letter "failed . . . to provide the DOE with a Ten-Day written notice." Reply Br. at 17.  Accordingly,

---

[2] Mejia also argues that the district court improperly deferred to the state administrative officers in balancing the equities in contravention of our decision in *Ferreira*.  *See Ferreira v. Aviles-Ramos*, 120 F.4th 323, 327 (2d Cir. 2024).  There, we held that "a district court reviewing a claim for reimbursement under the IDEA must independently evaluate the equities, without deferring to the state administrative agency's conclusion." *Id*. Mejia's argument is unavailing.  As in *Ferreira*, the district court here "ultimately did balance the equities and did not abuse its discretion in doing so." *Id*.  Mejia's claim to the contrary is without merit.

the district court properly exercised its explicit statutory grant of authority to deny or reduce reimbursement based on this failure to give timely notice. *See* 20 U.S.C. § 1412(a)(10)(C)(iii)(I)(bb).

\* \* \*

We have considered Mejia's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk