**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 17 2012, 8:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GEOFFREY W. WESLING**
Rushville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON MIDDLETON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 70A01-1202-CR-69 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE RUSH SUPERIOR COURT
The Honorable Brian D. Hill, Judge
Cause No. 70D01-1109-FD-620

**September 17, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Jason Middleton appeals his convictions and sentences that were imposed for Possession of Methamphetamine,[1] a class D felony, and Possession of Paraphernalia,[2] a class A misdemeanor, claiming that the trial court erroneously admitted recordings of a discussion regarding a possible plea of guilty to the offenses at the initial hearing. Middleton also claims that prosecutorial misconduct occurred, and that the trial court abused its discretion in sentencing him because too much weight was placed upon his criminal history when deciding to impose a three-year aggregate sentence on these charges. Finding no error, we affirm the judgment of the trial court.

FACTS

On September 19, 2011, Mary Wilmer was working at Walmart in Rushville when she and her co-workers noticed an individual, who was later identified as Middleton, in the store and acting in a suspicious manner. Some of the employees observed Middleton put jewelry and other merchandise inside a bag while talking to himself. Middleton then walked over to one of the cash registers, purchased a battery, and left the store.

Wilmer contacted the police and reported that she believed an individual had stolen merchandise from the store. Middleton had already left the store when the police arrived, but he re-entered a short time later. The police were called again, and Officer Michael Ervin and Lieutenant Randy Meek arrived at the store. Officer Ervin located

---

[1] Ind. Code § 35-48-4-6.1(a).

[2] I.C. § 35-48-4-8-8.3(b).

2

the vehicle in which Middleton had arrived at the store, while Lieutenant Meek entered the store approached Middleton.

Although Middleton appeared nervous, the police determined that he had not actually stolen anything because the bag in which he had placed items was found at one of the registers. However, Lieutenant Meek arrested Middleton on an outstanding arrest warrant and transported him to the vehicle in the parking lot where Officer Ervin was waiting.

In the meantime, Officer Ervin made contact with the driver of the vehicle, Daniel Puckett, and secured Puckett's consent to search the vehicle. During the course of the search, Officer Ervin discovered what he believed to be methamphetamine in the glove box and various items of drug paraphernalia and precursors. Lieutenant Meek performed a field test on the suspected methamphetamine, which produced a positive result. Puckett was also arrested at that time.

On September 20, 2011, the State charged Middleton with Count I, possession of methamphetamine, a class D felony, and Count II, possession of paraphernalia, a class A misdemeanor. Middleton's initial hearing was held on the same date. During his initial hearing, following the advisement of rights and the reading of the charges, the trial judge asked Middleton if he intended to plead guilty or not guilty to the charges. Middleton responded: "I don't want to waste your guy's time, uh, I am guilty and he—it wasn't his stuff; it was mine." Tr. p. 8. The trial court interrupted Middleton and re-advised him that he had the right to counsel. Middleton stated that he wanted to proceed without an

attorney and that he wanted to plead guilty to violating his probation. The trial court did not proceed further with the case at that time.

The matter was set for a jury trial, and on January 6, 2012, Middleton filed a motion to exclude evidence of his prior convictions. Middleton also filed a motion in limine to exclude his admission at the initial hearing "Due to Lack of Independent Corpus Delicti." Appellant's App. p. 30-31. During the final pretrial hearing, the parties argued these two motions. The deputy prosecutor indicated that he had no intention of introducing Middleton's prior convictions into evidence unless Middleton testified. The deputy prosecutor informed the trial court that he had instructed his witnesses regarding the same. Thus, the trial court granted Middleton's motion to exclude evidence of his prior offenses.

The State objected to Middleton's motion in limine regarding his admissions during the initial hearing. Middleton argued that the admissions should not be permitted at trial, contending that the admissions were not clear and that his admissions should be excluded because Middleton was not in the vehicle when the drugs were found. The trial court denied the motion in limine.

At trial, Lieutenant Meek testified that he arrested Middleton inside the Walmart, but he did not state the reason for that arrest. Middleton did not object to this testimony. Puckett testified, without objection, as to what Middleton stated at the initial hearing regarding the drugs and other items that belonged to Middleton. When the State subsequently moved to admit the recording of a portion of the initial hearing into

4

evidence, Middleton objected on the grounds that he previously argued. Overruling Middleton's objection, the trial court permitted the recording to be played to the jury.

Middleton testified that he knew nothing about the methamphetamine that was found in the glove box. He also testified that he made his admissions at the initial hearing because Puckett "was driving him crazy . . . about the drugs." Tr. p. 201-03. During jury deliberations, the jury asked to hear the initial hearing recording again. and the trial court had the recording played for the jury. Middleton stated that he had no objection to the court doing so. The jury found Middleton guilty on both counts.

During the sentencing hearing, the State argued that Middleton should receive a three-year executed sentence based primarily on his criminal history. Middleton, who was thirty-one years old, had prior drug possession convictions and a felony methamphetamine dealing conviction for which he was on probation at the time of the present offenses. The trial court found no mitigating circumstances but concluded that Middleton's criminal history and the fact that he was on probation when he committed the present offenses constituted significant aggravating circumstances. The trial court imposed a three-year executed sentence on Count I and a one-year executed sentence on Count II. The sentences were ordered to run concurrently. Middleton now appeals.

## DISCUSSION AND DECISION

### I. Exclusion of Statements at Initial Hearing

Middleton first claims that his convictions must be reversed because the trial court erred in denying his motion to exclude the statements that he made regarding his intention to plead guilty to the charged offenses at the initial hearing. Middleton maintains that Indiana Rule of Evidence 410 provides that evidence of guilty plea offers and discussions during plea negotiations are forbidden from being used against a defendant in a criminal trial.

We initially observe that a trial court has broad discretion in ruling on the admission or exclusion of evidence, and the trial court's ruling will be reviewed on appeal only for an abuse of discretion. Gutierrez v. State, 961 N.E.2d 1030, 1034 (Ind. Ct. App. 2012). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. Johnson v. State, 959 N.E.2d 334, 340 (Ind. Ct. App. 2011), trans. denied. In reviewing a trial court's evidentiary rulings, we consider only the evidence in favor of the trial court's ruling and any unrefuted evidence in the defendant's favor. Edelen v. State, 947 N.E.2d 1024, 1027-28 (Ind. Ct. App. 2011). That is, an appellate court will affirm the trial court's ruling if there is any evidence supporting it. Deloney v. State, 938 N.E.2d 724, 728 (Ind. Ct. App. 2010), trans. denied. Moreover, a trial court's evidentiary ruling will be upheld on appeal if it is sustainable under any legal theory supported by the record. Johnson, 959 N.E.2d at 340.

6

In this case, Middleton filed his motion in limine to exclude his pre-trial statements because the State purportedly could not provide "independent proof of corpus delicti." Appellant's App. p. 30-31. During the final pretrial conference in this case, the State objected to the motion in limine and Middleton, by counsel, argued that Middleton's admission of responsibility was not clear, that what occurred at the initial hearing did not constitute a guilty plea, and that the Middleton was not in the vehicle when the methamphetamine was found. Therefore, Middleton argues that the admissions should be excluded. Tr. p. 13-14. Middleton did not contend that the admissions were part of plea negotiations and therefore inadmissible for that reason. When the State offered the partial recording of the initial hearing into evidence, Middleton simply renewed his previous objection.

A defendant may not argue one ground for objection at trial and then raise a new ground on appeal. Turner v. State, 953 N.E.2d 1039, 1058 (Ind. 2011). Because Middleton argues a ground on appeal that is different from the ground he raised at trial, this issue is waived. Orta v. State, 940 N.E.2d 370, 377 (Ind. Ct. App. 2011), trans. denied.

However, even if Middleton had not waived the issue, his claim on appeal would nonetheless fail. Indeed, statements and admissions made by a defendant during plea negotiations are generally inadmissible at a subsequent trial in the matter. Gonzalez v. State, 929 N.E.2d 699, 701 (Ind. 2010). To constitute plea negotiations, however, the following criteria must be present: (1) the defendant must have been charged with a

7

crime at the time of the statement; (2) the statement must have been made to someone with authority to enter into a binding plea bargain; and (3) the parties must have agreed to negotiate. Id.

In Middleton's case, he certainly was charged at the time that he made his admissions; however, the remaining two criteria were not satisfied in this instance. To be sure, Middleton made his admissions to the judge and not to the deputy prosecutor. Moreover, there is nothing in the record to show that Middleton, and especially the State, had agreed to negotiate. Middleton's admissions were nothing more than unilateral assertions on his part. And such assertions do not amount to plea negotiations. Martin v. State, 537 N.E.2d 491, 493-94 (Ind. 1989). In short, Middleton's argument on appeal fails on its merits, waiver notwithstanding, because the statements that he made during his initial hearing simply were not part of plea negotiations.

Nevertheless, even if it could be said that Middleton's admissions constituted some form of plea negotiation, the admission of these statements into evidence at trial would not require a reversal of Middleton's convictions. More specifically, Puckett testified at trial, without any objection, to the admissions that Middleton made at the initial hearing. The portion of the initial hearing that was played to the jury where Middleton made his admissions to the trial judge was cumulative of the unobjected-to testimony regarding the admissions during Puckett's testimony. Finally, we note that when the jury requested the court to replay the initial hearing recording during deliberations, Middleton voiced no objection. Tr. p. 176-77.

8

For all of these reasons, we reject Middleton's claim that the trial court erred in denying his motion to exclude his statements that were made during the initial hearing.

## II. Prosecutorial Misconduct

Next, Middleton argues that the deputy prosecutor engaged in misconduct when he commented on the police officers' alleged testimony at trial that there was a warrant for Middleton's arrest when they approached him in the Walmart store. Middleton alleges that the deputy prosecutor commented on this alleged improper evidence "on no less than a handful of occasions during trial." Appellant's Br. p. 8.

In addressing this claim, we note that Middleton filed a motion to exclude such evidence, and the trial court granted the motion when the deputy prosecutor voiced no objection to it. At trial, the deputy prosecutor did not mention the existence of an alleged arrest warrant. Moreover, the police officers testified only that they arrested Middleton inside the Wal-Mart.

Nonetheless, Middleton is apparently contending that the prosecutor's opening statement amounted to an implied reference to a warrant. When a claim of prosecutorial misconduct is properly preserved for appeal, we determine: (1) whether the prosecutor engaged in misconduct, and if so, (2) whether the misconduct, under all of the circumstances, placed the defendant in a position of grave peril to which he should not have been subjected. Coleman v. State, 946 N.E.2d 1160, 1166 (Ind. 2011). However, when a claim of prosecutorial misconduct has not been properly preserved, as in the

9

present case, the defendant must establish not only the grounds for the misconduct but also the additional grounds required for demonstrating fundamental error. Id.

At no time did Middleton object to the seemingly "implied warrant" testimony or argument. Tr. p. 31-32, 58. And the failure to object at trial generally results in waiver and precludes appellate review. Mendenhall v. State, 963 N.E.2d 553, 567 (Ind. Ct. App. 2012), trans. denied. Middleton's failure to object to the deputy prosecutor's comments, his failure to move for an admonishment, and his failure to move for a mistrial waive this claim of error on appeal. Flowers v. State, 738 N.E.2d 1051, 1059 (Ind. 2000).

However, in an attempt to circumvent waiver of this alleged error, Middleton argues that he is entitled to a reversal on the basis of fundamental error. Fundamental error, however, is an extremely narrow exception that applies only where the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. Mendenhall, 963 N.E.2d at 567. The fundamental error exception is available only in egregious circumstances. Id. Thus, the mere fact that error has occurred and that it will prejudice the defendant is not sufficient to invoke the fundamental error exception; rather, the error must be such that the defendant could not possibly have received a fair trial that the appellate court is left with the conviction that the verdict or sentence is clearly wrong and of such dubious validity that justice cannot permit it to stand. Owens v. State, 937 N.E.2d 880, 885 (Ind. Ct. App. 2010), trans. denied.

10

Here, Middleton has failed to meet the heavy burden of establishing fundamental error. Indeed, no misconduct occurred here. As mentioned above, neither the deputy prosecutor nor the witnesses mentioned any outstanding warrant that Middleton had committed any prior offenses. Thus, Middleton cannot prove any prosecutorial misconduct, let alone misconduct that rises to the level of fundamental error.

### III. Sentencing

Middleton maintains that he was improperly sentenced because he does not believe that his criminal history, "by itself, is proper justification for enhancing the sentence and essentially doubling the advisory sentence."[3] Appellant's Br. p. 9.

Sentencing rests within the sound discretion of the trial court and, if the sentence is within the statutory range, the sentence is reviewed on appeal only for an abuse of discretion. Croy v. State, 953 N.E.2d 660, 663 (Ind. Ct. App. 2011). In other words, imposing a sentence is a discretionary function in which the trial court's judgment should receive considerable deference. Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Moreover, an abuse of discretion occurs only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. Croy, 953 N.E.2d at 663.

A defendant's criminal history is a valid aggravating circumstance. Deloney v. State, 938 N.E.2d 724, 732 (Ind. Ct. App. 2010), trans. denied. We also note that a single

---

[3] In accordance with Indiana Code section 35-50-2-7(a), the sentencing range for a class D felony is from six months to three years, with an advisory sentence of one-and-one-half years.

11

aggravating factor may be sufficient to sustain an enhanced sentence, including consecutive sentences. Owens v. State, 916 N.E.2d 913, 917 (Ind. Ct. App. 2009).

In this case, it was established that Middleton had accumulated two prior misdemeanor drug convictions, for which he primarily received probation. Appellant's App. p. 3. Middleton also acquired a class B felony conviction for dealing in methamphetamine, for which he also received a substantial amount of his sentence suspended to probation. Id. at 4. The conviction in this case again involves methamphetamine. Id. at 32-33. Moreover, Middleton was on probation for the dealing conviction when he committed the instant offenses. Id. at 6. The only substance abuse treatment that Middleton has undertaken occurred when he was incarcerated.

Middleton's claim is essentially that the trial court afforded improper weight to Middleton's prior criminal history as an aggravating factor. However, we do not review the relative weight or value that the trial court assigns to aggravating and mitigating circumstances. Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. Thus, Middleton has failed to establish that the trial court abused its discretion in imposing a three-year aggregate sentence on these convictions.

The judgment of the trial court is affirmed.

ROBB, C.J., and BRADFORD, J., concur.