**Ronald KELLY, Appellant,**

**v.**

**E. Calvin NEUBERT, Administrator, and W. Carey Edwards, the Attorney General of the State of New Jersey, Appellees.**

No. 89–5793.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 26, 1990.

Decided March 14, 1990.

Tonianne Bongiovanni, Asst. Federal Public Defender, Newark, N.J., for appellant.

Catherine A. Foddai, Div. of Criminal Justice, Appellate Section, Trenton, N.J., for appellees.

Before HIGGINBOTHAM, Chief Judge, HUTCHINSON and COWEN, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

The issue in this case is whether *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), precludes the sentence the state trial court imposed on the appellant, Ronald Kelly (Kelly), on remand after the state appellate court vacated his conviction on two counts and vacated his sentence on several other counts. *Pearce* creates a prophylactic rule requiring the trial court to show affirmatively on the record non-retaliatory reasons for increasing a sentence after a successful appeal of the original sentence. Here, the trial court on resentencing reduced Kelly's aggregate sentence but increased some of the sentences it had earlier imposed on individual counts. The district court denied Kelly's petition for a writ of *habeas corpus* reasoning *Pearce* did not apply because there was no evidence of vindictiveness by the sentencing court.

Kelly does not claim any of the sentences are inappropriate, nor does he claim a retaliatory sentence was imposed in violation of the prohibition against double jeopardy. *See United States v. Busic*, 639 F.2d 940 (3d Cir.), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981).[1] He simply says that the trial court violated his Fourteenth Amendment right to due process when, on remand, it increased some of the sentences on individual counts without articulating legitimate reasons for doing so. We hold, in common with authority in other circuits, that a restructuring of a sentence does not trigger the *Pearce* rule

when the aggregate sentence is less than that originally imposed and there is no evidence of vindictiveness on the part of the sentencing court. Therefore, we will affirm the district court's order dismissing Kelly's *habeas corpus* petition.

The trial judge in the New Jersey Superior Court originally sentenced Kelly to an aggregate of seventeen years, with a parole ineligibility of nine years. On resentencing, that court sentenced Kelly to an aggregate sentence of ten years with a parole ineligibility of five years. However, the trial court increased the sentences that it had originally imposed on several individual counts. Kelly appealed to the Appellate Division of the New Jersey Superior Court. The Appellate Division affirmed, and the Supreme Court of New Jersey denied certification. Kelly then filed a petition for a writ of *habeas corpus* in the United States District Court for the District of New Jersey. The district court dismissed the petition but certified there was probable cause for appeal.

The district court had subject matter jurisdiction pursuant to 28 U.S.C.A. § 2254 (West 1977). This Court has appellate jurisdiction under 28 U.S.C.A. § 1291 (West Supp.1989). Our scope of review of this legal issue is plenary. *See Carter v. Rafferty*, 826 F.2d 1299 (3d Cir.1987), *cert. denied*, 484 U.S. 1011, 108 S.Ct. 711, 98 L.Ed.2d 661 (1988).

Other circuits have given differing rationales for their refusal to apply *Pearce* in this kind of situation. In *United States v. Shue*, 825 F.2d 1111, 1115–16 (7th Cir.) (*Shue II*), *cert. denied*, 484 U.S. 956, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987), the defendant was convicted of conspiracy (Count I), bank robbery (Counts II and IV) and attempted bank robbery (Count III). He was sentenced to five years imprisonment on

---

1. In *Busic,* we held that "when a defendant has been convicted after trial and sentenced under a multi-count indictment and on appeal his conviction and sentence as to certain counts is set aside because such counts enhanced the sentence for the predicate felony which contained its own enhancement provision, the constitu-

tional guarantee against double jeopardy does not preclude vacating the sentence on the predicate felony counts and the imposition of a new sentence by the trial judge on the remaining counts, which may be greater than, less than, or the same as the original sentence." 639 F.2d at 953.

Count I, twenty-five years consecutive on Count II and two concurrent terms of five years probation on Counts III and IV. The probationary terms were made consecutive to the sentences on Counts I and II. Shue's aggregate term of imprisonment was thirty years. On Shue's initial appeal, the Seventh Circuit reversed the convictions on Counts I, II and III but affirmed on Count IV. *United States v. Shue*, 766 F.2d 1122, 1136 (7th Cir.1985). On remand, the district court granted the government's motion to resentence Shue on Count IV (the affirmed count) and resentenced him to a twenty year term on that count. The district court held that the resentencing did not violate the double jeopardy clause of the Fifth Amendment.

The Seventh Circuit affirmed the resentencing. That court held that the district court correctly concluded that "when an appellate court affirms some counts and reverses others, it is open to the district court to resentence in order to effectuate the original sentencing intent." *Shue II*, 825 F.2d at 1113. In *Shue II*, the court recognized that the "practical realities of present sentencing practices" require the approach taken by the district court and stating:

> When a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent. When, on appeal, one or more counts of a multicount conviction are reversed and one or more counts are affirmed, the result is an "unbundled" sentencing package. Because the sentences are interdependent, the reversal of convictions underlying some, but not all, of the sentences renders the sentencing package ineffective in carrying out the district court's sentencing intent as to

any one of the sentences on the affirmed convictions.

*Id.* at 1114 (citations omitted).

The court went on to hold that *Pearce* did not apply to the facts before it because "the new sentence does comply with the original sentencing intent of the district court." [2] *Id.* at 1116. The court noted that the district court gave the following reasons why the new sentence complied with the original sentencing intent: "Defendant Shue was originally sentenced on Count IV in the context of a lengthy prison sentence in the companion convictions which have since been reversed. In the absence of the other convictions, Shue, a master and recidivist criminal as shown at trial and as documented in the presentence reports, would not have been sentenced to probation." *Id.*

We recognize that in this case the state trial court, unlike the district court in *Shue*, did not explain why its sentence on remand properly effectuated the original sentencing intent. However, in *United States v. Pimienta–Redondo*, 874 F.2d 9 (1st Cir.) (en banc), *cert. denied,* —— U.S. ——, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989), the First Circuit held that:

> Where the sentencing judge's motivation cannot be called fairly into question, there is no need to indulge in the conjecture, and run the risks, which the *Pearce* presumption necessarily entails. Absent proof of an improper motive—or some sound reason to suspect the existence of one—no reasonable apprehension of vindictiveness can flourish.

*Id.* at 13. The court held that a presumption of vindictiveness was not warranted under the circumstances of the case. *Id.* at 16. Among the reasons given in support of this conclusion, the court noted that there was no net increase in the defendant's aggregate punishment. *Id.* at 15.

---

**2.** The Ninth Circuit has suggested that it will not follow the precise holding of *Shue II* that the trial court has the inherent power to resentence in order to carry out the ongoing sentencing intent. *See United States v. Lewis*, 862 F.2d 748, 751 (9th Cir.1988), *cert. denied,* —— U.S. ——,

109 S.Ct. 1169, 103 L.Ed.2d 227 (1989). The Ninth Circuit has held that the district court's authority to resentence must flow from the appellate court's mandate or Fed.R.Crim.P. 35. *Id.* at 750 (quoting *United States v. Minor*, 846 F.2d 1184, 1187 (9th Cir.1988)).

We agree with the district court that the rationale of *Pimienta–Redondo* is compelling. Like the First and Seventh Circuits, we believe *Pearce*'s per se prophylactic rule should not be mechanically applied when some of a defendant's individual sentences are increased, but his aggregate sentence is reduced on remand following a successful appeal. However, like the Fifth Circuit, we recognize that there is potential for vindictiveness even though the aggregate sentence is reduced. *See Paul v. United States*, 734 F.2d 1064 (5th Cir.1984). The sentencing court can often put that possibility to rest, as the Fifth Circuit suggested in *Paul* and the district court did in *Shue II*, by briefly stating its reasons for the new sentences. We would urge a district court faced with this situation to do so.

In the case before us, however, the aggregate reduction from seventeen to ten years coupled with the absence of anything to indicate vindictiveness on the part of the sentencing judge satisfies us that the trial court's increases in some of Kelly's sentences on individual counts were proper. Therefore, we believe the district court did not err when it dismissed Kelly's petition for *habeas corpus* based on the reasoning of the First Circuit.

Here, as in *Pimienta–Redondo*, the circumstances give no "sound reason to suspect" vindictiveness was present. Because there is no evidence of vindictiveness in this case, *Pearce* is not applicable. We will affirm the district court's order dismissing Kelly's petition for a writ of *habeas corpus*.