72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry OLIVER, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION; John Thomas, Community Programs
Manager for the Federal Bureau of Prisons,
Respondents-Appellees.
 No. 94-4250.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Terry Oliver appeals the district court's denial of his petition for habeas corpus. Oliver plead guilty to a single count of armed robbery and was sentenced to a twenty-five year term of imprisonment. While serving this sentence, he applied for parole. After an initial parole hearing, the hearing examiner recommended parole within a guideline range of one hundred to one hundred forty-eight months. The Regional Commissioner referred the case to the National Commissioners, and the Commission decided to continue Oliver until the expiration of his sentence. Oliver's administrative appeal resulted in an affirmance of the Commission's decision.
 
 
 3
 Oliver filed a petition for habeas corpus in federal district court, alleging various deficiencies in the Commission's decision. The district court ordered the Commission to respond. In its response, the Commission conceded error, and announced its decision to reopen Oliver's case for a new initial parole hearing.
 
 
 4
 After the hearing, Oliver was given a presumptive parole date of August 3, 1996, after one hundred seventy months in prison, based on a guidelines range of one hundred to one hundred eighty-two months. He filed a second petition for habeas corpus, which is the basis for this appeal. In his petition, Oliver challenged, on due process grounds, the basis for and determination of his presumptive parole date. Following referral pursuant to 28 U.S.C. 636(b), a magistrate judge issued his Report and Recommendation, recommending denial of the habeas petition. Oliver objected. The district court, after reviewing the objections, adopted the magistrate judge's Report and Recommendation. Our review of the district court's ruling on Oliver's habeas petition, filed pursuant to 28 U.S.C. 2241, is de novo. See Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S.Ct. 129 (1993).
 
 
 5
 Oliver challenges the district court's ruling on two grounds. First, he contends that the Parole Commission acted vindictively in determining his parole release date, thereby violating his due process rights. See North Carolina v. Pearce, 395 U.S. 711 (1969)(presumption of vindictiveness in resentencing); Marshall v. Lansing, 839 F.2d 933 (3d Cir.1988)(applying presumption to parole decisions). He correctly notes that two criteria must be satisfied for the Pearce presumption to apply: 1) a successful appeal or collateral attack, and 2) imposition of a more severe sentence. See Texas v. McCullough, 475 U.S. 134, 137-39 (1986). Oliver contends that, despite the lack of a district court order reversing the Commission in this case, the first criterion is satisfied by the district court's order that the Commission respond to his second habeas petition. We need not decide this point, however, because we conclude that Oliver's Pearce argument fails on the second requirement.
 
 
 6
 In this circuit, the Pearce presumption does not attach unless the defendant received a net increase in his sentence. See United States v. Flinn, 18 F.3d 826, 830 (10th Cir.1994); see also United States v. Sullivan, 967 F.2d 370, 374 (10th Cir.) ("We must examine [defendant's] sentences in the aggregate rather than count by count."), cert. denied, 113 S.Ct. 285, 1013 (1992). Oliver notes that courts have recognized the potential for vindictiveness even where the overall sentence is lesser, citing Kelly v. Neubert, 898 F.2d 15 (3d Cir.1990). He argues that, unlike many of the cases cited by the district court, where the defendants were being resentenced on fewer counts after prevailing in part on appeal, he is being resentenced on the same count on which he was originally convicted. It appears to us, however, that Oliver's argument works to his disadvantage under the circumstances of this case. When a defendant receives a lesser sentence on the same count or counts there is no reason to depart from the requirement of a harsher sentence. Cf. id. at 17 (sentence restructuring in order to effectuate original sentencing intent may result in increased sentences on individual counts).
 
 
 7
 Further, Oliver's true quarrel is not with the original parole sentence as handed down, but with the Regional Commissioner's referral of the case to the National Commissioners with a recommendation that Oliver be continued to the expiration of his sentence, a recommendation that was adopted and affirmed on appeal. Oliver would have this court compare the hearing examiner's recommendation after his first hearing with the parole sentence he received after his second hearing. He has presented no legal authority in support of this proposition, and we can find none. His first habeas petition resulted in the Commission's reopening of his case, and a new initial parole hearing. Having obtained the relief he sought, a redetermination of his parole resulting in a lesser parole sentence, he cannot now argue that the Commission was presumptively vindictive. See Sullivan, 967 F.2d at 374.
 
 
 8
 Absent the triggering of the Pearce presumption, Oliver bears the burden of demonstrating actual vindictiveness on the part of the Parole Commission. See Macomber v. Hannigan, 15 F.3d 155, 157 (10th Cir.1994). He contends actual vindictiveness is shown by the Commission's use of previous crimes and prison disciplinary infractions to compute his parole sentence guideline--matters which were not considered in his initial parole sentence computation. However, the record is not clear that sufficient evidence and information about these crimes and infractions were available to the Commission in its initial consideration. Further, Oliver's contentions that the Commission had a duty to obtain more complete information before his first hearing and that the Commission's use of these crimes and infractions was retaliatory are conclusory and find no support in the record. We conclude he has not demonstrated actual vindictiveness.
 
 
 9
 In Oliver's second challenge, he contends that the Commission's failure to disclose documents which were, or should have been, used in his second hearing constitutes a violation of due process. The Commission concedes that a two-page psychiatric report was not disclosed to Oliver before the second hearing, due to an administrative oversight, and notes that the report was not considered in reaching the second parole decision. It disputes Oliver's claim that a second psychiatric report and prison disciplinary reports were not disclosed. Nonetheless, it argues that, because Oliver can demonstrate no prejudice from its failure to disclose the documents, habeas relief should not be granted. We agree. See Harris v. Day, 649 F.2d 755, 762 (10th Cir.1981). We also agree that Oliver has not demonstrated prejudice. He admitted to the prison disciplinary infractions. Further, the two-page psychiatric report, apparently prepared before Oliver's conviction to determine if he was insane at the time of the crime, simply concludes that there was a lack of evidence to suggest that Oliver was insane at that time. Oliver does not explain how nondisclosure of any of the specified documents was prejudicial to his second parole hearing.
 
 
 10
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation