Jerell **OWENS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0904–CR–375.

Court of Appeals of Indiana.

Nov. 16, 2009.

John T. Wilson, Anderson, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Jerell Owens ("Owens") was convicted in Madison Superior Court of Murder and Class C felony robbery.[1] Following remand after appeal, Owens was resentenced to an aggregate term of seventy-three years. Owens appeals and argues the following:

1) Whether the trial court violated his due process rights by increasing his murder sentence when it resentenced him to sixty-five years on that conviction;

2) Whether the trial court abused its discretion in ordering him to serve consecutive sentences; and

3) Whether the sentence was inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

### Facts and Procedural History

The underlying facts were set out in a previous opinion of this court, as follows:

On February 4, 2007, Owens, Damian Hopkins (Hopkins), Richard Wilson (Wilson), and Perry Thompson (Thompson) were gambling, smoking marijuana, and drinking beer in Anderson, Indiana. Hopkins won several hundred dollars from Owens in a dice game. While on the phone with Hopkins' brother, Owens confirmed that he was losing money to Hopkins and said that he "would get it back later on."

At some point that night, Owens obtained a key for Janice Jordan's apartment, and the four men went there. While Hopkins was sitting and talking to his sister on the phone, Owens said to him, "[G]ive me back my mother f* * * * * * money n* * * * *." Owens then shot Hopkins in the head. Hopkins stood up holding the back of his head and asked, "[W]hy?" Hopkins then fell to the floor and continued to ask, "[W]hy cuz? Why?" Owens stood over Hopkins, asked him why he was still talking, and shot him in the head a second time. Owens then took money from Hopkins' pocket and told Wilson and Thompson to move the body. Wilson and Thompson drug Hopkins' body outside. As Owens, Wilson, and Thompson left the apartment, Owens kicked the door twice "to make it look like somebody broke in." Hopkins died as a result of the shooting.

On February 8, 2007, the State filed an Information charging Owens with Count I, murder, a felony, I.C. § 35–42–1–1, and Count II, robbery resulting in serious bodily injury, a Class A felony, I.C. § 35–42–5–1. A jury trial was held from December 10–14, 2007. The jury found Owens guilty as charged, and the trial court entered judgments of conviction on both counts. On January 14, 2008, the trial court imposed consecutive sentences of sixty years for murder and fifty years for robbery resulting in serious bodily injury, for a total executed sentence of 110 years.

*Owens,* 897 N.E.2d at 538 (citations omitted). On appeal, Owens argued that his convictions for both murder and Class A felony robbery resulting in serious bodily injury violated the prohibition against double jeopardy since Hopkins's death was the basis for both convictions. We reversed and remanded with instructions that Ow-

---

1. Owens's first name is spelled "Jerrell" in the Appellant's brief, but it is spelled "Jerell" in our opinion in *Owens v. State,* 897 N.E.2d 537 (Ind.Ct.App.2008). As we noted in our previous opinion, Owens's name is spelled "Jerell" throughout the record. *Id.* at n. 1. We adopt the spelling contained in the record and in our prior opinion.

ens's robbery conviction be reduced to a Class C felony and that Owens be resentenced.

Upon remand, the trial court reduced Owens's robbery conviction to a Class C felony and sentenced Owens to eight years. The trial court also increased Owens's sentence to a consecutive sixty-five year term on the murder conviction, an increase of five years. Owens appeals.

## I. Due Process

■ Owens argues that the trial court denied him due process when it enhanced his sentence for murder from sixty years to sixty-five years upon remand. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind.2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind.2007). "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* at 491 (citations omitted).

In *In re the Matter of Craig*, 571 N.E.2d 1326 (Ind.Ct.App.1991), we adopted the rule set forth by the United States Supreme Court in *North Carolina v. Pearce*, 395 U.S. 711, 725–26, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which held that it would be a denial of due process to impose a greater sentence on a criminal defendant after a successful appeal of his conviction. The reasoning behind this rule is that by permitting increased punishment in such circumstances may lead to "vindictive" sentencing, where the trial court retaliates against a criminal defendant for exercising his or her right to appeal the conviction.

However, this case falls into an exception to the *Pearce* rule which we recognized in *Craig*. In *Craig*, we noted that the seemingly per se *Pearce* rule has been subjected to a number of restrictions, one of which is applicable in this case. "For example, the rule of *Pearce* does not apply ... where an aggregate sentence is reduced, but some of the interdependent sentences in a 'sentencing package' are increased following a successful appeal of some of the individual counts." *Craig*, 571 N.E.2d at 1328–29 (citing *Kelly v. Neubert*, 898 F.2d 15 (3rd Cir.1990)).[2]

This case is similar to that of *Kelly*, where the defendant was originally sentenced to an aggregate term of seventeen years with a parole ineligibility of nine years. 898 F.2d at 16. On resentencing, the same court sentenced the defendant to an aggregate term of ten years with parole ineligibility of five years. *Id.* However, the court had increased the sentences that had originally been imposed on several of the individual counts. *Id.* The defendant appealed and argued that the trial court violated his Fourteenth Amendment right to due process when it increased some sentences without providing legitimate rea-

---

**2.** Eight Federal Circuits have adopted the aggregate approach (*see, United States v. Pimienta–Redondo*, 874 F.2d 9, 15 (1st Cir.), *cert. denied* 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185; *Kelly v. Neubert*, 898 F.2d 15, 16 (3rd Cir.); *United States v. Gray*, 852 F.2d 136, 138 (4th Cir.); *United States v. Campbell*, 106 F.3d 64, 68 (5th Cir.); *United States v. Mancari*, 914 F.2d 1014, 1021–22 (7th Cir.), *cert. denied* 499 U.S. 924, 111 S.Ct. 1320, 113 L.Ed.2d 253; *United States v. Bay*, 820 F.2d 1511, 1513 (9th Cir.); *United States v. Sullivan*, 967 F.2d 370, 374 (10th Cir.). *cert. denied* 506 U.S. 900, 113 S.Ct. 285, 121 L.Ed.2d 211 and 506 U.S. 1066, 113 S.Ct. 1013, 122 L.Ed.2d 161; *United States v. Townsend*, 178 F.3d 558, 566–570 (D.C.Cir.)). Two Circuits have adopted the "remainder aggregate" approach, under which the courts compare the aggregate sentence for the counts on which the defendant was convicted on retrial to the original aggregate sentence for those same counts (*see, United States v. Monaco*, 702 F.2d 860, 885 (11th Cir.); *United States v. Markus*, 603 F.2d 409, 413 (2nd Cir.)).

sons for doing so. The *Kelly* court held "that a restructuring of a sentence does not trigger the *Pearce* rule when the aggregate sentence is less than that originally imposed and there is no evidence of vindictiveness on the part of the sentencing court." *Id.*

Owens was charged and convicted of two different counts. He was originally sentenced to sixty years for the murder conviction and fifty years for the Class A felony robbery conviction for an aggregate sentence of 110 years. Upon remand, he was sentenced to sixty-five years for the murder conviction and eight years for a Class C felony conviction for an aggregate term of seventy-three years. While the individual sentence for the murder conviction is five years more than before appeal, the aggregate sentence is thirty-seven years less than before appeal. Additionally, the record does not evidence any vindictiveness on the part of the trial court.

The trial court did not deny Owens his right to due process when the court increased the sentence of his murder conviction and did not exceed the aggregate sentence originally imposed.

## II. Consecutive Sentence

■ Next, Owens argues that the trial court abused its discretion in ordering him to serve consecutive sentences. The decision to impose consecutive sentences lies within the discretion of the trial court. *See Echols v. State,* 722 N.E.2d 805, 808 (Ind.2000). A trial court is required to state its reasons for imposing consecutive sentences or enhanced terms. *Id.* However, a trial court may rely on the same reasons to impose a maximum sentence and also impose consecutive sentences. *Id.* In order to impose consecutive sentences, a trial court must find at least one aggravating circumstance. *Sanquenetti v. State,* 727 N.E.2d 437, 442 (Ind.2000).

Owens claims that the trial court failed to articulate, explain, and evaluate the supporting circumstances that support the sentence. *See Monroe v. State,* 886 N.E.2d 578, 580 (Ind.2008). That is not true. Specifically, the trial court gave Owens's youth little mitigating weight and found the following aggravating circumstances: 1) Owens was on probation at the time the crime was committed; 2) Owens has a significant criminal history, and; 3) Owens committed the instant crimes while out on bond on another cause number. Tr. p. 9. The trial court also determined that the offenses committed were crimes of violence and that the circumstances justified the consecutive sentences. Tr. p. 10. Our supreme court has held that "the violent nature of a crime is a sufficient aggravating circumstance to justify consecutive sentences." *Gray v. State,* 758 N.E.2d 519, 524 (Ind.2001) (citing *Sanquenetti,* 727 N.E.2d at 443).

At the resentencing hearing, the trial court identified sufficient aggravating circumstances to support the imposition of consecutive sentences. The trial court did not abuse its discretion by imposing consecutive sentences.

## III. Inappropriate Sentence

■ Finally, Owens argues that his sentence is inappropriate under Indiana Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In *Anglemyer v. State,* our supreme court explained:

> It is on this basis alone that a criminal defendant may now challenge his or her sentence where the trial court has entered a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular

sentence that is supported by the record, and the reasons are not improper as a matter of law, but has imposed a sentence with which the defendant takes issue.

868 N.E.2d 482, 494 (Ind.2007). "[A] defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review." *Id.*

The violent nature of the crimes Owens committed certainly supports the sentence he received. After losing money to Hopkins while gambling, Owens got a key for Hopkins's apartment and entered with four other men. After demanding his money, Owens shot Hopkins in the head. After being shot, Hopkins could still speak. When Owens heard Hopkins still talking, he shot Hopkins in the head a second time. Owens took money out of Hopkins's pocket, then ordered the other men to take Hopkins outside. Finally, Owens kicked the door to try and make the occurrence appear to be a break-in. Owens's conduct was brutal.

Owens argues that his criminal history does not support the sentence, yet fails to include any evidence of his criminal history on appeal. Regardless, Owens's character supports the sentence imposed. According to the resentencing transcript, Owens has been involved in the criminal justice system since 2001, when he was only sixteen years old, and he has amassed a substantial criminal history since then. Tr. pp. 5–7. As a juvenile, Owens was found to have committed auto theft, fleeing law enforcement, operating a vehicle having never been licensed, battery, false report/false informing (twice), attempted robbery, and possession of marijuana. *Id.* As an adult, Owens was convicted of Class B felony possession of cocaine, leaving the scene of an accident resulting in property damage, and operating a vehicle having never been licensed. *Id.* He was on probation for the operating while never having been licensed at the time of the instant offenses. *Id.*

Owens's seventy-three year sentence is not inappropriate in light of the nature of the offense and the character of the offender.

### Conclusion

The trial court did not deny Owens his right to due process when the court resentenced Owens on his murder conviction to a sentence that is five years greater in length, but did not exceed the aggregate sentence originally imposed on both convictions at issue. In addition, the trial court did not abuse its discretion when it imposed consecutive sentences because it identified sufficient aggravating circumstances to support the imposition of such sentencing. Finally, Owens's seventy-three year sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

DARDEN, J., and ROBB, J., concur.