**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2529
_____

UNITED STATES OF AMERICA

v.

GREGORY GRISWOLD,
                                   Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 09-cr-00568-001)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
March 21, 2013
_____

Before: FUENTES, CHAGARES and BARRY, Circuit Judges

(Opinion Filed: May 22, 2013)
_____

OPINION
_____

BARRY, Circuit Judge

        Gregory Griswold appeals the judgment of sentence for possession of a firearm by

a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  We find that his Sixth

Amendment rights were violated when the District Court denied his request, made prior

to jury selection, to proceed *pro se*.[1]  Accordingly, we will vacate the judgment of sentence and remand for further proceedings.

## I.

We write principally for the benefit of the parties and therefore recount only those facts essential to our review of the issue we reach on appeal.

On October 17, 2011, two weeks before trial, Griswold filed a motion requesting new counsel, which, after a hearing, the District Court denied.  Then, on the first day of trial, October 31, 2011, prior to the start of jury selection, Griswold asked to proceed *pro se*.  Griswold claimed that communications between him and his attorney had broken down and he believed his attorney was no longer acting in his best interests.  Although, at the outset, the District Court was of the opinion that Griswold was seeking to represent himself solely to delay the trial, it nonetheless conducted a full *Peppers* colloquy to determine if Griswold made the request to proceed *pro se* knowingly, voluntarily, and with a full understanding of the ramifications and consequences of self-representation.  At the end of the colloquy, and before granting or denying *pro se* status, the District Court asked Griswold how much time he would need to prepare for trial.  Griswold responded that it might take a couple of months.  The Court then denied Griswold's request,

---

[1] Griswold also argues that the District Court erred when it denied his motion to suppress physical evidence seized during the search of his apartment. Given our disposition of the Sixth Amendment claim, we need not reach the Fourth Amendment issue.

concluding it was made in bad faith merely as a delay tactic.[2]  The Court confirmed its reasoning in a Memorandum Opinion filed December 14, 2011.

On November 3, 2011, a jury found Griswold guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On May 24, 2010,  he was sentenced to 120 months' imprisonment and a three-year term of supervised release.  He timely appealed.

**II.**

The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We exercise plenary review over Griswold's Sixth Amendment claim.  *United States v. Stubbs*, 281 F.3d 109, 113 n.2 (3d Cir. 2002); *United States v. Goldberg,* 67 F.3d 1092, 1097 (3d Cir. 1995).

"The right to counsel embodied within the Sixth Amendment carries as its corollary the right to proceed *pro se.*" *United States v. Peppers,* 302 F.3d 120, 129 (3d Cir. 2002); *see Faretta v. California,* 422 U.S. 806, 819–20 (1975).  Because of the risks inherent in proceeding without the assistance of counsel, we require that a defendant "assert his desire to proceed *pro se* clearly and unequivocally" and that the court "inquire thoroughly to satisfy itself that" the request is knowing and intelligent and the defendant is competent to stand trial.  *Peppers,* 302 F.3d at 132 (internal quotation marks and

---

[2] The District Court appears to have conflated Griswold's request to proceed *pro se* with his implicit request for a continuance.  The Court denied Griswold's request to proceed *pro se* because he had not established "good cause," the standard used to determine

citations omitted).

In *United States v. Bankoff*, 613 F.3d 358 (2010), we held that a defendant possesses the right to proceed *pro se* pursuant to a timely request, assuming, of course, the *Peppers* requirements are met—the request was clear and unequivocal, made knowingly and intelligently, by a defendant competent to stand trial. *Id.* at 373. "A request is timely even when made on the 'eve of trial.'" *Id.* (quoting *Buhl v. Cooksey*, 233 F.3d 783, 795 (3d Cir. 2000) and citing *Gov't of the V.I. v. James*, 934 F.2d 468, 470 (3d Cir. 1991) (finding timely a request made on the first day of trial, but before jury selection)). If the request is untimely, i.e., made after the commencement of trial, the right to proceed *pro se* is no longer absolute, and the district court may, in its discretion, deny the request. *Id.* (recognizing that "district courts have discretion to deny an untimely request to proceed *pro se* after weighing the prejudice to the legitimate interests of the defendant against the potential disruption of proceedings already in progress").

Here, Griswold made a timely request[3] to proceed *pro se*, and we are satisfied on this record that the *Peppers* requirements were met. Although the District Court may have believed that Griswold's request was made to obstruct the proceedings and delay trial,[4] it did not conclude that the request itself was

whether a continuance should be granted after a defendant requests new counsel. *Peppers*, 302 F.3d at 132.

[3] Although made on the day of trial, the jury had yet to be empanelled. *Bankoff*, 613 F.3d at 373 (noting a request is untimely if made "after trial has commenced—i.e . . . . after the jury has been empanelled").

[4] The District Court stated that under *Bankoff* "the timing of the request is only one factor that a Court must consider" and that the Court is "obligated to balance the prejudice to the

4

equivocal or that Griswold's waiver of counsel was not knowing, voluntary and intelligent or made by a defendant who was not competent to stand trial. *Cf. Buhl v. Cooksey*, 233 F.3d 783, 797 (3d Cir. 2000) ("A court may conclude that a defendant who intends nothing more than disruption and delay is not actually tendering a knowing, voluntary and intelligent waiver of counsel, and has not unequivocally asserted the constitutional right to conduct his/her own defense"). The Court's desire to prevent trial delay is certainly understandable, as is its frustration at Griswold's last minute decision to proceed *pro se*. Nevertheless, the Court erred by denying Griswold's request.

## III.

For the aforementioned reasons, we will vacate the judgment of conviction and sentence, and remand for further proceedings.

---

Defendant's legitimate interests against any potential disruption that a self-representation request would cause." (J.A. vol. II at 34). This discretionary balancing only occurs, however, when the right to proceed *pro se* is "curtailed" by an untimely request. *Bankoff*, 613 F.3d at 373. The request here was timely, and thus the Court should not have reached this balancing inquiry.