**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOEL C. WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS W. BADGLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 67A04-1403-CR-135 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PUTNAM SUPERIOR COURT
The Honorable Charles D. Bridges, Judge
Cause No. 67D01-1209-MR-141

**September 8, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following his guilty plea to one count of Class A felony voluntary manslaughter,[1] Thomas W. Badgley was sentenced to forty years of imprisonment, with five years suspended to probation. On appeal, Badgley raises the following issues:

I. Whether the trial court abused its discretion in sentencing Thomas by considering improper aggravating circumstances; and

II. Whether his sentence is inappropriate based on the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 12, 2012, twenty-year-old Badgley came home in a bad mood. He asked his roommate, Robert Smith, for some of Smith's Klonopin. When Smith refused to give Badgley any of his medication, Badgley struck Smith on the mouth, found Smith's Klonopin, and consumed the contents of the prescription bottle, approximately fifteen pills. Badgley's other roommate, Shane Short, was also at home. Badgley was on pre-trial diversion at the time for a battery involving Short. After Badgley took the Klonopin, Smith and Short became concerned that Badgley may have overdosed on Klonopin and telephoned Badgley's mother, Debbie Badgley, ("Mother").

Mother arrived a short time later with Badgley's father, Tom Badgley, ("Father"). At times, Father and Badgley had a troubled relationship. Father was upset when Badgley

---

[1] *See* Ind. Code § 35-42-1-3(a)(1). We note that, effective July 1, 2014, a new version of this statute was enacted. Under the previous version of the statute, the additional element of use of a deadly weapon elevated the Class B felony to a Class A felony. Under the new version, no such distinction is made, and all voluntary manslaughter charges are Level 2 felonies. Because Badgley committed his crime prior to July 1, 2014, we will apply the statute in effect at the time he committed his crime.

had recently revealed that he was gay, although Father had come to terms with it. When Mother and Father entered Badgley's home, they found him asleep on the couch. Father told Badgley that he needed to go to the hospital. Badgley refused, stood up, and took a swing at Father. A scuffle ensued. Badgley went to the kitchen, and Father followed him. There was an outside door in the kitchen, but Badgley did not exit the home. Badgley retrieved a kitchen knife, and without warning or provocation, Badgley turned on Father and stabbed him once in the chest, perforating his heart. Father died from the wound a few hours later.

Smith alerted the police who arrived and arrested Badgley. The State charged Badgley with murder. Pursuant to a plea agreement with the State, Badgley pleaded guilty to voluntary manslaughter as a Class A felony. At sentencing, the trial court found as aggravating circumstances that Father was disabled and unarmed; Father was present in the home to help Badgley; Badgley had a minor, but frequent, history of violence; Badgley had an opportunity to leave the kitchen and de-escalate the situation but did not; Badgley was on pre-trial diversion at the time of the offense; and Badgley showed no remorse until sentencing. The trial court found as mitigating circumstances that Badgley was young, pleaded guilty pursuant to an open plea agreement, and had no serious criminal record. The trial court sentenced Badgley to forty years of imprisonment, with five years suspended to probation. Additional facts will be added as necessary.

## DISCUSSION AND DECISION

### I.       Abuse of Discretion

3

Badgley contends that the trial court erred when it identified certain aggravating circumstances. A trial court's sentencing decisions are discretionary and entitled to "considerable deference" by the appellate courts. *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008). A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all"; (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons"; (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration"; or (4) considers reasons that "are improper as a matter of law." *Anglemyer v. State,* 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). However, the relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.* at 491.

Badgley argues that the trial court improperly found as aggravating circumstances that Father was trying to help him when he stabbed Father and that Badgley could have left the kitchen but did not. He contends that the motive for Father's presence is not a factor that is listed in the sentencing statute and that it is theoretically always possible to avoid the commission of a crime. However, the trial court is not limited in its sentencing consideration to the factors listed in the sentencing statute. *See* Ind. Code § 35-38-1-7.1(c). The nature and circumstances of an offense are properly considered for sentencing purposes. *Anglemyer*, 868 N.E.2d at 492. In its discretion, the trial court could have properly determined that the benevolent purpose of Father's presence that day and the fact that Badgley had a ready means to avoid committing the offense were particular,

4

aggravating facts of the case.

Badgley also argues that the trial court erred when it found his late expression of remorse as an aggravating circumstance. We give substantial deference to the trial court's evaluation of claims of remorse "because it may observe the defendant and is therefore in the best position to determine whether the remorse is genuine." *Webb v. State*, 941 N.E.2d 1082, 1089 (Ind. Ct. App. 2011) (citation omitted), *trans. denied*. In addition, we note that Badgley does not challenge the validity of any of the other aggravating circumstances found by the trial court, namely that Father was disabled and unarmed, Badgley had a minor but frequent history of violence, and that Badgley was on pre-trial diversion at the time of the offense. A single aggravating circumstance may be sufficient to sustain a sentence. *Owens v. State*, 916 N.E.2d 913, 917 (Ind. Ct. App. 2009). Assuming, without deciding, that the trial court erred when it identified Badgley's late-found remorse as an aggravator, we affirm Badgley's sentence based upon the other valid, uncontested aggravating circumstances found by the trial court.

## II.    Inappropriateness

Badgley also contends that his forty-year sentence, with five years suspended to probation, is inappropriate. Article 7, Section 6 of the Indiana Constitution authorizes this court to independently review and revise a sentence imposed by the trial court. *Neville v. State*, 976 N.E.2d 1252, 1266 (Ind. Ct. App. 2012), *trans. denied*. We may revise a sentence after careful review of the trial court's decision if we conclude that the sentence is inappropriate based on the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The reviewing court "must and should exercise deference to a trial

5

court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Further, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts . . . but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Neville*, 976 N.E.2d at 1266.

As to the nature of the offense, Badgley stabbed his own father in the heart with a kitchen knife. Father was there to assist his son, who he thought was having a medical emergency. Father was disabled, and Badgley instigated the physical fight that preceded the offense. Father was not armed, and Badgley had the opportunity to leave the scene through the exit in the kitchen. We see nothing about the nature of the offense that persuades us that a lesser sentence is merited.

Regarding his character, Badgley was on pre-trial diversion for a battery involving Short at the time he committed the instant offense. Badgley had a history of drug abuse but had never sought treatment. Indeed, Badgley had taken a large quantity of Klonopin, for which he did not have a valid prescription, on the day that he stabbed his father. Badgley has failed to show us that his sentence is inappropriate in regard to either the nature of his crime or his character.

Affirmed.

BAKER, J., and ROBB, J., concur.