NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1185
_____

UNITED STATES OF AMERICA

v.

GREGORY GRISWOLD,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00568-001)
District Judge: Honorable Paul S. Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 2, 2014

Before: AMBRO, CHAGARES, and VANASKIE, *Circuit Judges*

(Filed: November 4, 2014)

_____

OPINION[*]
_____

―――――――――――――――――

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

VANASKIE, *Circuit Judge.*

Appellant Gregory Griswold was convicted after trial of one count of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g), and sentenced by the District Court to a term of 120 months' incarceration. We vacated that conviction after concluding that Griswold was wrongly denied the opportunity to represent himself at trial. *See United States v. Griswold*, 525 F. App'x 111 (3d Cir. 2013). On remand, Griswold entered a plea of guilty to the same charge and was sentenced to a reduced term of 108 months. Griswold now contends that this sentence was impermissibly vindictive. For the reasons that follow, we will affirm the judgment of the District Court.

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

Throughout the 1980s and 1990s, Griswold was convicted in both state and federal court of several firearms-related offenses, including third-degree murder, possession of a firearm by a convicted felon, and making false statements in connection with the acquisition of firearms. He was released from prison in 2006 and began a term of supervised release at that time. In 2008, the United States Probation Office received anonymous tips stating that Griswold again was concealing a firearm in his apartment. A search of Griswold's apartment resulted in the seizure of a loaded pistol and additional ammunition.

In August 2009, a grand jury returned an indictment charging Griswold with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Evidence emerged that Griswold, while incarcerated pending trial, tried to coerce his wife into telling police that the gun belonged to her. He also contacted another witness and tried to threaten her into testifying that she had planted the gun in his apartment. The case proceeded to trial in 2011, after which the jury found Griswold guilty of the charged offense.

At a sentencing hearing in May 2012, the District Court concluded that Griswold's base offense level of 20 was subject to a 2-level adjustment for obstruction of justice under U.S.S.G. § 3C1.1. Griswold's criminal history category was VI, resulting in an advisory Guidelines range of 84 to 105 months. Nonetheless, citing Griswold's "horrible" criminal record, the high risk of recidivism, and the need to protect the public, the Court determined that an upward variance of 15 months was appropriate. (Supp. App. 13.) As a result, the District Court sentenced Griswold to 120 months' imprisonment and 3 years of supervised release.

On direct appeal, we vacated Griswold's conviction and sentence on the grounds that the District Court should have granted Griswold's request to proceed pro se at trial. In October 2013, on remand, Griswold opted not to proceed to trial a second time and instead pleaded guilty to the violation of § 922(g), without a plea agreement.

On January 21, 2014, the District Court held a second sentencing hearing. The parties agreed that, unlike at his first sentencing, Griswold's guilty plea entitled him to a

3

3-level reduction in offense level for acceptance of responsibility, resulting in a new advisory Guidelines range of 63 to 78 months. The Government nonetheless maintained that Griswold should receive the same sentence of 120 months.

The District Court again entertained extensive argument from Griswold's counsel regarding the appropriateness of the 2-level adjustment for obstruction of justice, the possibility of a downward departure under U.S.S.G. § 5H1.6 based on extraordinary family responsibilities, and the availability of a downward variance or departure to reflect post-sentencing rehabilitation. The Court acknowledged Griswold's family situation, work history, and satisfactory behavioral record while incarcerated, but again placed great emphasis on the severity of his criminal history. The Court also noted Griswold's "extremely serious" efforts to intimidate witnesses in connection with his case, and cited Griswold's ongoing failure to accept responsibility for those actions. (Supp. App. 48, 50.) At the conclusion of the hearing, the Court sentenced Griswold to 108 months' imprisonment and 3 years of supervised release. Griswold filed a timely appeal.

## II.

The District Court had jurisdiction over this case under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## III.

Griswold's sole argument on appeal relies upon *North Carolina v. Pearce*, 395 U.S. 711 (1969), in which the Supreme Court recognized that constitutional due-process concerns are implicated where a defendant's initial conviction or sentence is vacated on

4

appeal and the same trial court imposes a greater sentence on remand. We have read

*Pearce* and its progeny, *Alabama v. Smith*, 490 U.S. 794 (1989), to dictate "a

prophylactic rule requiring the trial court to show affirmatively on the record non-

retaliatory reasons for increasing a sentence after a successful appeal of the original

sentence." *Kelly v. Neubert*, 898 F.2d 15, 16 (3d Cir. 1990).

Griswold acknowledges that his new sentence here is *lower* than his original

sentence, but argues that the *Pearce* rule is nonetheless triggered by the fact that the

second sentence involved a greater upward variance from the advisory Guidelines range

(30 months) than did the first sentence (15 months).[1] This argument is foreclosed by our

binding precedent in *Kelly*, in which we concluded that the *Pearce* presumption "should

not be mechanically applied" where the defendant's "aggregate sentence is reduced on

remand following a successful appeal." 898 F.2d at 18; *see also United States v. Murray*,

144 F.3d 270, 275 (3d Cir. 1998) (rejecting *Pearce* claim where the defendant's new

sentence "d[id] not exceed the total length of his original sentence, and [there was] no

evidence of vindictiveness on the part of the sentencing court"). Nor are we an outlier in

this respect. *See, e.g.*, *United States v. Rodgers*, 278 F.3d 599, 604 (6th Cir. 2002)

("[W]here the defendant ultimately receives a lower sentence at resentencing, the *Pearce*

---

[1] We exercise plenary review over preserved claims of vindictive sentencing. *See Kelly*, 898 F.2d at 16 (citations omitted). The Government argues that under our recent en banc decision in *United States v. Flores-Mejia*, 759 F.3d 253 (3d Cir. 2014), we should review the claim only for plain error because Griswold did not raise it at the time of sentencing. Because we conclude that Griswold's claim fails under either standard, we will not address the Government's contention.

presumption of vindictiveness never arises.") (citations omitted); *United States v. Flinn*, 18 F.3d 826, 830 (10th Cir. 1994) ("In the absence of evidence of actual vindictiveness, resentencing will not be considered vindictive if the defendant did not receive a net increase in his sentence."); *United States v. Bay*, 820 F.2d 1511, 1513 (9th Cir. 1987) (holding *Pearce* inapplicable in the absence of a "net increase" in sentence).

Griswold is thus not entitled to a presumption of vindictiveness. Moreover, the record bears no evidence of vindictiveness on the part of the District Court whatsoever. As a result, we will review Griswold's sentence only for procedural and substantive reasonableness. The party challenging the sentence bears the burden of demonstrating unreasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

First, we examine the record for significant procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, the District Court properly calculated the advisory Guidelines range, gave thorough consideration to the appropriate § 3553(a) factors, and adequately explained the reasoning for its upward variance. We see no basis for relief on procedural grounds.

Where no procedural errors exist, we consider the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. The District Court "must demonstrate that it reasonably applied [the § 3533(a)] factors to the circumstances of the case." *United*

6

*States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007).  Our review is "highly deferential." *Id.*  "[U]nless no reasonable sentencing court would have imposed the same sentence," we affirm.  *Tomko*, 562 F.3d at 568.

We need not fully reiterate the ample facts supporting the District Court's upward variance here.  Griswold has returned to the commission of firearms-related offenses time and again, including repeated instances of prohibited possession of firearms while on supervised release.  He encouraged witnesses to lie on his behalf in connection with this case and threatened a woman with violence when she refused.  Even taking into account the various mitigating circumstances described by Griswold's counsel, the District Court was entitled to conclude that an above-Guidelines sentence was appropriate under the circumstances.

IV.

For the foregoing reasons, we conclude that the District Court's sentence was procedurally and substantively reasonable.  We will affirm the judgment of the District Court.