**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1558
_____

UNITED STATES OF AMERICA

v.

MATT JONES, aka Mack Jones,
 Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:19-cr-00039-001)
U.S. District Judge: Honorable R. Barclay Surrick
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2024
_____

Before: SHWARTZ, PHIPPS, and MONTGOMERY-REEVES, <u>Circuit Judges</u>.

(Filed: July 12, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Matt Jones appeals the District Court's orders denying his motions to dismiss as well as his 180-month sentence. For the following reasons, we will affirm.

I

In 2019, a grand jury returned a seven-count indictment charging Jones with violations of the drug and firearms laws.[1] Jones moved to suppress evidence seized from his home without a warrant, which the Government opposed. The District Court denied the motion, and Jones was convicted by jury on all counts and sentenced to 240 months' imprisonment.

Jones appealed the District Court's order denying his suppression motion. The Government moved for summary reversal, conceding the suppression motion should have been granted. As a result, we reversed and remanded the case. The mandate issued on April 21, 2021, when trial proceedings were suspended due to the COVID-19 pandemic.[2]

---

[1] Jones was charged with (1) conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 ("Count One"); and (2) three counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) ("Counts Five through Seven"). He was also charged with (1) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (collectively, "Counts Two through Four").

[2] The Chief Judge of the United States District Court for the Eastern District of Pennsylvania entered numerous orders starting in March 2020 that excluded time under the Speedy Trial Act because of the COVID-19 pandemic. Relevant here, on June 7, 2021, the Chief Judge issued an order that extended the excludable time from March 13, 2020, through September 7, 2021. See Standing Order – In Re: Twelfth Extension of Adjustments to Court Operations Due to the Exigent Circumstances Created by COVID-19 (June 7, 2021), https://perma.cc/RH69-S5U2 (the "Standing Order").

On September 8, 2021, the District Court scheduled a new trial for February 7, 2022. Three motions followed: (1) on October 14, 2021, the Government moved to schedule resentencing on the counts purportedly "not [] affected . . . by the excluded evidence[,]" App. 142; (2) on December 31, 2021, Jones moved to dismiss the indictment under the Speedy Trial Act, arguing that the Government's efforts to admit the illegally seized evidence at his first trial and its delayed confession of error before the appellate court constituted prosecutorial misconduct and resulted in delay in his case; and (3) on January 19, 2022, the Government moved to reschedule the February trial date due to witness unavailability. On January 25, 2022, the Court denied the Government's sentencing motion. On January 27, 2022, the Court denied Jones's motion and rescheduled his trial from February 7, 2022 to August 22, 2022.[3]

On August 19, 2022, Jones moved to dismiss the indictment under the Double Jeopardy Clause, largely repeating his speedy trial arguments and asserting that the Government engaged in bad faith in seeking to retry him. The District Court rejected the arguments and denied his motion on August 22, 2022, the first day of trial. Jones was retried on the conspiracy to distribute heroin count (Count One) and distribution of heroin counts (Counts Five through Seven)[4] and convicted him on Counts One and Seven. The

---

[3] On appeal, Jones does not challenge this February rescheduling.
[4] Before the second trial, the Government dismissed Counts Two through Four as they rested on the unlawfully seized evidence. See Dist. Ct. ECF Nos. 147, 148. As a result, Jones was retried on only conspiracy to distribute heroin (Count One) and three counts of distribution of heroin (Counts Five through Seven).

District Court resentenced him on those counts to a below-Guidelines term of 180 months' imprisonment.[5]  Jones appeals.

II[6]

A[7]

The Speedy Trial Act provides that a retrial "shall commence within seventy days from the date the action occasioning the retrial becomes final[.]"  18 U.S.C. § 3161(e). So long as a retrial occurs within the dictates of the Act, no violation occurs.  See id. Neither we nor Jones have identified any authority that requires a court to find that the Speedy Trial Act is violated when the Government confesses an error on appeal on an issue that it contested in good faith before the district court.

Furthermore, all proceedings occurred in compliance with the Speedy Trial Act. As Jones acknowledges, the original proceedings were compliant with the Act.  So too were the post-appeal proceedings.  Section § 3161(e)'s post-reversal seventy-day period began to run on September 8, 2021, as the Standing Order excluded the time from April 21, 2021 (when we issued the mandate of reversal) through September 7, 2021, pursuant to 18 U.S.C. §3161(h)(7)(A).  See Standing Order.  Additionally, the time between the

---

[5] Jones's Sentencing Guidelines range was 360 months to life.

[6] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[7] "We review a district court's interpretation of the Speedy Trial Act de novo; its fact-finding for clear error; and its decision to grant a continuance, after proper application of the statute to the facts, for an abuse of discretion."  United States v. Shulick, 18 F.4th 91, 100 (3d Cir. 2021).

date the parties filed motions (from (1) the Government's October 14, 2021 motion for resentencing through the Court's January 25, 2022 ruling; (2) Jones's December 31, 2021 Speedy Trial Act motion through the Court's January 27, 2022 ruling; and (3) Jones's August 19, 2022 Double Jeopardy motion through the Court's August 22, 2022 ruling) was excluded under 18 U.S.C. § 3161(h)(1)(D), (H), which exclude delays resulting from pretrial motions and a period while they were under advisement.  Thus, more than twenty-two days remained on the Speedy Trial clock when trial commenced. Accordingly, the Speedy Trial Act was not violated.

## B[8]

The Double Jeopardy Clause was also not violated.  The Fifth Amendment's Double Jeopardy Clause protects "against multiple punishments for the same offense imposed in a single proceeding[.]"  United States v. Hodge, 870 F.3d 184, 193 (3d Cir. 2017) (internal quotation marks and citation omitted).  However, the Double Jeopardy clause is not violated when, as here, the Government confesses error on appeal and retries the defendant following reversal.  Stroud v. United States, 251 U.S. 15, 18 (1919) (observing no Double Jeopardy violation where the defendant was retried after the Government confessed error on appeal); see also United States v. Jorn, 400 U.S. 470, 483-84 (1971) ("[R]eprosecution for the same offense is permitted where the defendant wins a reversal on appeal of a conviction.").  The Government's choice to retry Jones

---

[8] We exercise plenary review over double jeopardy rulings.  United States v. Hodge, 870 F.3d 184, 194 (3d Cir. 2017).

5

after conceding the illegality of the officers' search thus had no impact on Jones's Fifth Amendment rights.[9]

### C[10]

We next consider Jones's assertion that his 180-month sentence was the product of vindictiveness for successfully exercising his appellate rights. "Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." North Carolina v. Pearce, 395 U.S. 711, 725 (1969). A rebuttable presumption of vindictiveness may apply when a defendant receives a more severe sentence after having exercised his right to appeal. See United States v. Goodwin, 457 U.S. 368, 374 (1982); cf. Kelly v. Neubert, 898 F.2d 15, 16, 18 (3d Cir. 1990) (rejecting a vindictiveness claim where, on remand, the district court increased some sentences on individual counts but reduced the overall sentence). Where the presumption does not apply, a defendant must "pro[ve] . . . actual vindictiveness" by the resentencing judge. Rock v. Zimmerman, 959 F.2d 1237, 1258 (3d Cir. 1992) (en banc), abrogated on other grounds by Brecht v. Abrahamson, 507 U.S. 619 (1993).

---

[9] Jones's allegations of prosecutorial misconduct lack basis. As the Government stated in its motion for summary reversal, the question of whether Jones consented to the search of his home was "very close[.]" App. 136. Moreover, there is nothing in the record to suggest that Government's arguments opposing suppression were anything other than made in good faith, and its decision to revisit its position on appeal provided no tactical advantage.

[10] We exercise plenary review over challenges to the "legality of [a] sentence imposed by [a] district court." United States v. Woods, 986 F.2d 669, 673 (3d Cir. 1993).

Here, the presumption does not apply as Jones's second sentence (180 months) is lower than his first (240 months).  See Goodwin, 457 U.S. at 374.  There is also no evidence of actual vindictiveness.  The District Court imposed a below-Guidelines sentence and explained it.  See App. 251 (the Court stating the seriousness of Jones's offenses considering the "huge [drug] problem, not only in Philadelphia but in this country," as well as Jones's criminal history and age).  Indeed, Jones points to no evidence of vindictiveness beyond the fact that the Court increased the sentence attached to two of the drug counts from 120 to 180 months, but we have previously rejected this sort of argument.  See, e.g., Neubert, 898 F.2d at 18 (holding that "the aggregate [sentence] reduction . . . coupled with the absence of anything to indicate vindictiveness on the part of the sentencing judge satisfies us that the trial court's increases in some of [the defendant's] sentences on individual counts were proper").  Accordingly, Jones's vindictiveness claim fails.

## III

For the foregoing reasons, we will affirm.